UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY WINEFKA & JENNIFER WINEFKA, | CIVIL ACTION 1:16-cv-01796 |
| Plaintiffs, | COMPLAINT |
| v. | |
| FIFTH THIRD BANK, N.A. | JURY TRIAL DEMANDED |
| Defendant. | |

### COMPLAINT

NOW COME the Plaintiffs, JEFFREY WINEFKA ("Jeffrey") & JENNIFER WINEFKA ("Jennifer") (collectively "Plaintiffs"), by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, FIFTH THIRD BANK, N.A. ("Fifth Third"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action seeking actual, statutory, punitive damages, attorney's fees and costs for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the bankruptcy automatic stay pursuant to 11 U.S.C. §362, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

1

3. This Court has supplemental jurisdiction for the state law ICFA claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Fifth Third conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Northern District of Illinois.

## PARTIES

5. Jeffrey Winefka is a consumer and natural person over 18 years of age who at all times relevant resided in the Northern District of Illinois.

6. Jennifer Winefka is a consumer and natural person over 18 years of age who at all times relevant resided in the Northern District of Illinois.

7. Fifth Third is an Ohio banking institution with its headquarters located in Cincinnati, Ohio. Fifth Third transacts business in Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

### Plaintiffs' Chapter 7 Bankruptcy

8. On or about October 1, 2007, Plaintiffs opened a credit card account with Fifth Third ("subject debt").

9. Plaintiffs subsequently defaulted on the subject debt.

10. On September 21, 2015, Plaintiffs filed a joint Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, case number 15-32141 ("bankruptcy").

11. Schedule F of the bankruptcy petition listed the subject debt, an unsecured pre-petition debt to Fifth Third, in the amount of $2,702.00. *See* Exhibit A, a true and correct copy of Schedule F filed in Plaintiffs' bankruptcy case.

12. On September 22, 2015, because Plaintiffs listed Fifth Third as a creditor, the Bankruptcy Noticing Center ("BNC") served Fifth Third with notice of Plaintiffs' bankruptcy filing. *See* Exhibit B, a true and correct copy of the BNC Certificate of Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines ("Notice of Filing") establishing service of the Notice of Filing upon Fifth Third.

13. The Notice of Filing expressly stated:

> ".....prohibited [collection] actions include contacting the debtor by telephone, mail, or otherwise to demand repayment." *Id.*

14. On October 14, 2015, the 341 Meeting of Creditors was held with the Chapter 7 Trustee. No representative or attorney from Fifth Third appeared at the 341 Meeting of Creditors.

15. Pursuant to 11 U.S.C. §362, the automatic stay prohibits any acts to collect upon the subject debt by Fifth Third or any other party.

### Fifth Third's Collection Efforts After Plaintiffs' Bankruptcy Filing

16. On October 10, 2015, Fifth Third sent Plaintiffs a letter listing payment options available for Plaintiffs to make payments towards the subject debt. *See* Exhibit C, a true and correct copy of the October 10, 2015 letter Fifth Third sent to Plaintiffs.

17. On or about October 11, 2015, Plaintiffs received a statement from Fifth Third demanding payment towards the subject debt in the amount of $2,735.42, and a minimum payment due in the amount of $122.00. *See* Exhibit D, a true and correct copy of the October statement Fifth Third sent to Plaintiffs.

18. On or about November 11, 2015, Plaintiffs received a statement from Fifth Third demanding payment towards the subject debt in the amount of $2,801.63, and a minimum payment due in the amount of $201.00. *See* Exhibit E, a true and correct copy of the November statement Fifth Third sent to Plaintiffs.

19. On November 26, 2015, Fifth Third sent Jennifer a letter regarding the subject debt. *See* Exhibit F, a true and correct copy of the November 26, 2015 letter Fifth Third sent to Jennifer.

20. The letter stated:

> "we may revoke your Fifth Third credit cards or, if you have Fifth Third auto or mortgage loans, we may also pursue repossession of your car or foreclosure on your house." *Id.*

21. On December 12, 2015, Fifth Third sent Jennifer a letter regarding the subject debt. *See* Exhibit G, a true and correct copy of the December 12, 2015 letter Fifth Third sent to Jennifer.

22. The letter stated:

> "your balance of $2,868.26 which includes late charges and fees of $35.00 is now due in full. You can avoid further collection action from us by paying the total amount immediately." *Id*

23. Moreover, between October 20, 2015 and December 23, 2015, Fifth Third placed no less than 105 phone calls to Jennifer's cellular phone ending in 2683, including, but not limited to, the following dates and times:[1]

- October 20, 2015 at 8:10 a.m., from telephone number (866)-450-0037;
- October 21, 2015 at 9:19 a.m., from telephone number (866)-450-0037;
- October 21, 2015 at 2:26 p.m., from telephone number (866)-450-0037;
- October 22, 2015 at 9:12 a.m., from telephone number (866)-450-0037; (Jennifer picked up this call and advised Fifth Third of her bankruptcy filing and demanded that Fifth Third cease calls to her cellular phone).
- October 22, 2015 at 1:35 p.m., from telephone number (866)-450-0037;
- October 22, 2015 at 5:55 p.m., from telephone number (866)-450-0037[2];
- October 23, 2015 at 10:32 a.m. from telephone number (866)-450-0037;
- October 24, 2015 at 8:59 a.m., from telephone number (866)-450-0037;
- October 24, 2015 at 3:30 p.m., from telephone number (866)-450-0037;

---

[1] The list of calls is not exhaustive. The list includes the phone calls that were documented by Plaintiffs.
[2] On this particular date, Jeffrey answered the call to Jennifer's cellular phone and a representative from Fifth Third advised Jeffrey that Plaintiffs had incurred $120.00 in late fees. Jeffery referenced the bankruptcy and advised Fifth Third to contact Plaintiffs' counsel.

4

- October 25, 2015 at 11:20 a.m., from telephone number (866)-450-0037;
- October 26, 2015 at 2:25 p.m., from telephone number (866)-450-0037;
- October 27, 2015 at 8:44 a.m., from telephone number (866)-450-0037;
- October 27, 2015 at 4:43 p.m., from telephone number (866)-450-0037;
- October 28, 2015 at 12:04 p.m., from telephone number (866)-450-0037;
- October 28, 2015 at 3:48 p.m., from telephone number (866)-450-0037;
- October 29, 2015 at 8:37 a.m., from telephone number (866)-450-0037;
- October 29, 2015 at 1:06 p.m., from telephone number (866)-450-0037;
- October 30, 2015 at 10:41 a.m., from telephone number (866)-450-0037;
- October 30, 2015 at 2:53 p.m., from telephone number (866)-450-0037;
- October 31, 2015 at 8:10 a.m., from telephone number (866)-450-0037;
- October 31, 2015 at 1:38 p.m., from telephone number (866)-450-0037;
- October 31, 2015 at 3:20 p.m., from telephone number (866)-450-0037;
- November 2, 2015 at 9:01 a.m., from telephone number (866)-450-0037;
- November 2, 2015 at 3:26 p.m., from telephone number (866)-450-0037;
- November 3, 2015 at 8:01 a.m., from telephone number (866)-450-0037;
- November 3, 2015 at 12:17 p.m., from telephone number (866)-450-0037;
- November 4, 2015 at 11:22 a.m., from telephone number (866)-450-0037;
- November 5, 2015 at 9:13 a.m., from telephone number (866)-450-0037;
- November 5, 2015 at 1:02 p.m., from telephone number (866)-450-0037;
- November 5, 2015 at 5:57 p.m., from telephone number (866)-450-0037;
- November 6, 2015 at 10:43 a.m., from telephone number (866)-450-0037;
- November 6, 2015 at 3:03 p.m., from telephone number (866)-450-0037;
- November 7, 2015 at 12:05 p.m., from telephone number (866)-450-0037;
- November 8, 2015 at 3:10 p.m., from telephone number (866)-450-0037;
- November 9, 2015 at 1:53 p.m., from telephone number (866)-450-0037;
- November 10, 2015 at 8:29 a.m., from telephone number (866)-450-0037;
- November 10, 2015 at 1:29 p.m., from telephone number (866)-450-0037;
- November 10, 2015 at 5:38 p.m., from telephone number (866)-450-0037;
- November 11, 2015 at 8:02 a.m., from telephone number (866)-450-0037;

- November 11, 2015 at 12:19 p.m., from telephone number (866)-450-0037;
- November 12, 2015 at 12:42 p.m., from telephone number (866)-450-0037;
- November 12, 2015 at 3:23 p.m., from telephone number (866)-450-0037;
- November 13, 2015 at 8:22 a.m., from telephone number (866)-450-0037;
- November 13, 2015 at 12:46 p.m., from telephone number (866)-450-0037;
- November 13, 2015 at 3:41 p.m., from telephone number (866)-450-0037;
- November 14, 2015 at 12:44 p.m., from telephone number (866)-450-0037:
- November 15, 2015 at 11:35 a.m., from telephone number (866)-450-0037;
- November 17, 2015 at 1:00 p.m., from telephone number (866)-450-0037;
- November 18, 2015 at 8:10 a.m., from telephone number (866)-450-0037;
- November 18, 2015 at 1:25 p.m., from telephone number (866)-450-0037;
- November 18, 2015 at 3:51 p.m., from telephone number (866)-450-0037;
- November 19, 2015 at 8:37 a.m., from telephone number (866)-450-0037;
- November 19, 2015 at 11:56 a.m., from telephone number (866)-450-0037;
- November 20, 2015 at 9:15 a.m., from telephone number (866)-450-0037;
- November 20, 2015 at 2:12 p.m., from telephone number (866)-450-0037;
- November 23, 2015 at 10:27 a.m., from telephone number (866)-450-0037;
- November 24, 2015 at 8:14 a.m., from telephone number (866)-450-0037;
- November 25, 2015 at 11:20 a.m., from telephone number (866)-450-0037;
- November 27, 2015 at 9:04 a.m., from telephone number (866)-450-0037;
- November 28, 2015 at 2:23 p.m., from telephone number (866)-450-0037;
- November 29, 2015 at 2:23 p.m., from telephone number (866)-450-0037;
- November 30, 2015 at 2:48 p.m., from telephone number (866)-450-0037;
- December 1, 2015 at 8:21 a.m., from telephone number (866)-450-0037;
- December 1, 2015 at 10:58 a.m., from telephone number (866)-450-0037;
- December 2, 2015 at 11:21 a.m., from telephone number (866)-450-0037;
- December 3, 2015 at 1:25 p.m., from telephone number (866)-450-0037;
- December 3, 2015 at 5:21 a.m., from telephone number (866)-450-0037;
- December 4, 2015 at 8:31 a.m., from telephone number (866)-450-0037;
- December 4, 2015 at 12:11 p.m., from telephone number (866)-450-0037;

- December 4, 2015 at 2:34 p.m., from telephone number (866)-450-0037;
- December 5, 2015 at 3:08 p.m., from telephone number (866)-450-0037;
- December 7, 2015 at 12:58 p.m., from telephone number (866)-450-0037;
- December 8, 2015 at 12:30 p.m., from telephone number (866)-450-0037;
- December 8, 2015 at 3:39 p.m., from telephone number (866)-450-0037;
- December 9, 2015 at 12:32 p.m., from telephone number (866)-450-0037;
- December 9, 2015 at 12:32 p.m., from telephone number (866)-450-0037;
- December 9, 2015 at 12:32 p.m., from telephone number (866)-450-0037;
- December 10, 2015 at 8:00 a.m., from telephone number (866)-450-0037;
- December 10, 2015 at 11:55 a.m., from telephone number (866)-450-0037;
- December 11, 2015 at 8:33 a.m., from telephone number (773)-981-9135;
- December 11, 2015 at 9:22 a.m., from telephone number (773)-981-9135;
- December 11, 2015 at 10:13 a.m., from telephone number (773)-981-9135;
- December 11, 2015 at 11:01 a.m., from telephone number (773)-981-9135;
- December 12, 2015 at 8:44 a.m., from telephone number (773)-981-9135;
- December 14, 2015 at 9:58 a.m., from telephone number (773)-981-9135;
- December 14, 2015 at 10:51 a.m., from telephone number (773)-981-9135;
- December 14, 2015 at 5:49 p.m., from telephone number (773)-981-9135;
- December 15, 2015 at 10:21 a.m., from telephone number (239)-225-2099;
- December 15, 2015 at 11:40 a.m., from telephone number (239)-225-2099;
- December 16, 2015 at 9:25 a.m., from telephone number (239)-225-2099;
- December 16, 2015 at 10:30 a.m., from telephone number (239)-225-2099;
- December 16, 2015 at 5:33 p.m., from telephone number (239)-225-2099;
- December 17, 2015 at 9:38 a.m., from telephone number (812)-590-4192;
- December 17, 2015 at 11:19 a.m., from telephone number (812)-590-4192;
- December 17, 2015 at 4:40 p.m., from telephone number (812)-590-4192;
- December 18, 2015 at 8:33 a.m., from telephone number (239)-225-2099;
- December 18, 2015 at 9:32 a.m., from telephone number (239)-225-2099;
- December 18, 2015 at 10:10 a.m., from telephone number (239)-225-2099;
- December 19, 2015 at 8:18 a.m., from telephone number (239)-225-2099;

- December 19, 2015 at 9:54 a.m., from telephone number (239)-225-2099;
- December 21, 2015 at 10:20 a.m., from telephone number (614)-784-8783;
- December 21, 2015 at 11:57 a.m., from telephone number (614)-784-8783;
- December 22, 2015 at 10:16 a.m., from telephone number (614)-784-8783;
- December 22, 2015 at 11:32 a.m., from telephone number (614)-784-8783; and
- December 23, 2015 at 10:04 a.m., from telephone number (773)-981-9135.

24. Jennifer revoked consent to be contacted on her cellular phone by virtue of the bankruptcy filing and during the call she picked up on October 22, 2015.

25. On many occasions, Jennifer attempted to further demand that Fifth Third cease calls to her cellular phone; however, Fifth Third representatives will often disconnect the line when she answered or she would be greeted with an automated message, rendering it almost impossible to again demand that Fifth Third cease calls to her cellular phone.

26. In the calls that Jennifer did answer, there would be an approximate 3 second pause between the time she said "hello," and the time that a live agent introduced them self as a representative from Fifth Third attempting to collect on the subject debt.

27. Concerned about the violations of their rights and protections, Plaintiffs sought the assistance of counsel to ensure that Fifth Third's collection efforts cease.

28. Plaintiffs have suffered emotional distress, mental anguish, and anxiety as a direct result of the unlawful collection practices of Fifth Third.

29. Moreover, Plaintiffs were deceived into believing that their bankruptcy filing had no legal effect and that they would have to pay the subject debt in order to get the phone calls to stop.

30. Fifth Third's harassing phone calls have severely disrupted Jennifer's daily life.

31. Fifth Third's phone harassment campaign and illegal collection activities have caused Jennifer actual harm, including but not limited to, invasion of privacy, aggravation that

accompanies unsolicited telephone calls, emotional distress, mental anguish, increased usage of her telephone services, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

32. Plaintiffs were unduly inconvenienced and harassed by Fifth Third's unlawful attempts to collect a debt that could not legally be collected.

33. Plaintiffs have been forced to retain counsel to end Fifth Third's unlawful collection activities and have incurred expenses in the form of legal fees and costs.

COUNT I -- VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

34. Plaintiffs restate and reallege paragraphs 1 through 33 as though fully set forth herein.

35. The TCPA prohibits calling persons on their cell phone using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

36. Upon information and belief, based on the pause and lack of prompt human response during the phone calls in which Jennifer answered, Fifth Third used a predictive dialing system to place calls to Jennifer.

37. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

38. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

39. Upon information and belief, the predictive dialing system employed by Fifth Third transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

40. Fifth Third violated the TCPA by placing no less than 105 calls between October 20, 2015 to December 23, 2015 to Jennifer's cellular phone, using an ATDS without her consent. Any prior consent, if any, was revoked by virtue of Plaintiffs' bankruptcy filing and Jennifer's verbal revocation during the October 22, 2015 phone call with Fifth Third.

41. As pled above, Jennifer was harmed by Fifth Third's collection calls to her cellular phone.

42. Pursuant to 47 U.S.C. §227(b)(3)(B), Fifth Third is liable to Jennifer for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Fifth Third's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, JENNIFER WINEFKA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. awarding Jennifer damages of at least $500 per phone call to be demonstrated at trial, for the underlying TCPA violations pursuant to 47 U.S.C. §227(b)(3)(B);

c. awarding Jennifer treble damages pursuant to 47 U.S.C. §227(b)(3)(C); and

d. awarding any other relief this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATIONS OF THE AUTOMATIC STAY

43. Plaintiffs restate and reallege paragraphs 1 through 33 as though fully set forth herein.

44. 11 U.S.C. §362(k), commonly known as the automatic stay provision, prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6).

45. "The automatic stay invoked by the filing of a bankruptcy petition protects a debtor from creditors' attempts to collect pre-petition debts. The automatic stay is designed to give debtors breathing space so that they may reorder their affairs." *In re Robinson*, 228 B.R. 75, 80. (Bankr. E.D. N.Y.1998).

46. "As one of the fundamental debtor protections provided by bankruptcy laws, the automatic stay is intended to stop virtually all debt collection efforts, including efforts to take possession of collateral." *In re Bishop*, 296 B.R. 890, 894 (Bankr. S.D. Ga. 2003).

47. An individual seeking damages under Section 362(h) [amended to 362(k)(1) by BAPCPA] has the burden of establishing three elements by a preponderance of the evidence: (1) that the action taken was in violation of the automatic stay; (2) that the action was willful; and (3) that the violation caused actual damages. *In re Frankel*, 391 B.R. 266, 271 (Bankr. M.D. Penn. 2008).

48. A violation of the stay is "willful" when a creditor with knowledge that a bankruptcy petition has been filed commits an intentional act that violates the stay. *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3rd Cir. 2003).

49. The automatic stay went into effect on September 21, 2015 by operation of Plaintiffs' bankruptcy filing.

50. Fifth Third violated the automatic stay by placing no less than 105 collection phone calls to Jennifer's cellular phone and by sending Plaintiffs written demands for payment in an attempt to collect the subject debt after the automatic stay was in effect.

51. Fifth Third had actual knowledge of Plaintiffs' bankruptcy filing as it was noticed in their bankruptcy case and therefore its violations of the automatic stay were willful.

52. On numerous occasions, Fifth Third was apprised of Plaintiffs' bankruptcy. Moreover, multiple Fifth Third representatives acknowledged the bankruptcy during the course of Fifth Third's harassing campaign of phone calls to Jennifer's cellular phone.

53. Fifth Third's vexatious conduct demonstrates that it knowingly disregards the mandate of the Bankruptcy Code and systematically attempts to collect debts during a bankruptcy proceeding.

54. Fifth Third's conduct represents a brazen disregard of both the letter and the intent of the Bankruptcy Code.

55. As plead above, Plaintiffs were harmed by Fifth Third's willful violations of the automatic stay.

56. An individual who has been injured by any willful violation of the automatic stay provisions shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages. 11 U.S.C. §362(k)(1).

57. Plaintiffs are entitled to punitive damages for Fifth Third's arrogant disregard of the Bankruptcy Code and its provisions.

WHEREFORE, Plaintiffs JEFFREY WNEFKA & JENNIFER WINEFKA respectfully request that this Honorable Court enter judgment in their favor as follows:

a. that this Honorable Court enter an order directing Fifth Third to pay Plaintiffs $40,000.00 for actual damages for violations of 11 U.S.C. §362(k)(1);

b. that this Honorable Court enter an order directing Fifth Third to pay Plaintiffs $40,000.00 for punitive damages for violations of 11 U.S.C. §362(k)(1);

    c. that this Honorable Court enter an order directing Fifth Third to pay a sum determined by the Court to Plaintiffs for all reasonable legal fees and expenses incurred by their attorneys for violations of 11 U.S.C. §362(k)(1); and

    d. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III -- VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

58. Plaintiffs restate and reallage paragraphs 1 through 33 as through fully set forth herein.

59. Jeffrey Winefka is a "person" as defined in ICFA, 815 ILCS 505/1(c).

60. Jennifer Winefka is a "person" as defined in ICFA, 815 ILCS 505/1(c).

61. Jeffrey Winefka is a "consumer" as defined in ICFA, 815 ILCS 505/1(e).

62. Jennifer Winefka is a "consumer" as defined in ICFA, 815 ILCS 505/1(e).

63. Fifth Third is engaged in commerce in the State of Illinois with regard to Plaintiffs and the subject debt. Fifth Third specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in its regular course of business. *See* 815 ILCS 505/1(f)

64. ICFA broadly prohibits unfair and deceptive acts and business practices:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

**a. Deception and Unfairness**

65. Fifth Third's demands for payment on the subject debt, which was duly scheduled in Plaintiffs' bankruptcy, represents the use of false pretenses and deception to attempt to collect a debt that was not owed at the time the demands for payment were made.

66. It was unfair for Fifth Third to seek to collect the subject debt from Plaintiffs through constant misleading statements and continuous phone calls to Jennifer's cellular phone.

67. Fifth Third intended that Plaintiffs rely on its unfair and deceptive acts and the Plaintiffs did in fact rely on Fifth Third's deceptive and unfair acts to their detriment as they were led to believe that their bankruptcy had no legal effect and were forced to retain counsel as a result of Fifth Third's misrepresentations.

68. Fifth Third bullied Plaintiffs into near submission with perpetual unfair and deceptive conduct through lies, harassment, intimidation, and deception regarding the collectability of the subject debt.

69. It was unfair for Fifth Third to continue to contact Jennifer after Jennifer requested that Fifth Third cease contact with her.

70. As pled above, Plaintiffs were harmed by Fifth Third's conduct.

71. An award of punitive damages is appropriate because Fifth Third's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiffs and consumers, generally, and Plaintiffs had no choice but to submit to the continuous letters and phone calls.

WHEREFORE, Plaintiffs JEFFREY WINEFKA & JENNIFER WINEFKA respectfully request that this Honorable Court enter judgment in their favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. awarding Plaintiffs actual damages, in an amount to be determined at trial, for the underlying ICFA violations;

c. awarding Plaintiffs punitive and actual damages pursuant to 815 ILCS 505/10a; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 29, 2016 Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan ARDC#6299011
*Counsel for Plaintiffs*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188